Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax: (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant
KBMS HOSPITALITY CORPORATION

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL ARROYO,<br><br>   Plaintiff,<br>v.<br>KBMS HOSPITALITY CORPORATION,<br>a California Corporation and Does 1-10,<br><br>   Defendants. | Case No.: 8:21-cv-00239<br><br>DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(A)<br><br>Orange County Sup. Ct.<br>No. 30-2020-01171978-CU-CR-CJC<br>Hon. Nancy E. Zeltzer |

Notice of Removal of Complaint

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF RAFAEL ARROYO AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant KBMS HOSPITALITY CORPORATION ("DEFENDANT") has been named and served as Defendant in the above-captioned matter. DEFENDANT now removes the action from the Superior Court of California, Orange County, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, DEFENDANT states as follows:

## PROCEDURAL HISTORY

1. Plaintiff Rafael Arroyo ("Arroyo" or "Plaintiff") commenced this action by filing a Complaint captioned *Rafael Arroyo v. KBMS Hospitality Corporation et al.*, Case No. 30-2020-01171978-CU-CR-CJC in the in the California Superior Court for Orange County (the "State Court Action") on November 25, 2020.

2. Plaintiff served DEFENDANT with a Summons and the Complaint on January 8, 2021. Pursuant to 28 U.S.C § 1446(a), true and correct copies of the "process, pleadings, and orders" served upon Defendants, including the Summons and Complaint are attached to this Notice as Exhibit 1.

3. The California Superior Court for Orange County is located within the Central District of California. (28 U.S.C. § 84(c).) This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §1441(a).

## ALLEGATIONS IN THE COMPLAINT

4. In the Complaint filed in the State Action, Plaintiff claims that Defendant's identification and description of its accessible features deny him the opportunity to assess whether Defendant's hotel meets his accessibility needs and that he cannot make reservations for accessible guest rooms in the same manner as guests without disabilities in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. ("ADA") (First Cause of Action) and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh") in the Second Cause of Action.

5. Defendant disputes Plaintiff's allegations, believes the Complaint lacks merit, and denies that Plaintiff has been harmed in any way by any act or omission of Defendant.

## GROUNDS FOR REMOVAL

6. Plaintiff's claims are based, in part, on alleged violations of federal law as Count I of the Complaint alleges violations of the ADA.

7. Because this action involves claims under the ADA, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 based upon the existence of a Federal Question and this action is subject to removal under 28 U.S.C. § 1441.

8. Pursuant to 29 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Central District of California, which is the District in which the State Action was filed and is presently pending.

10. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) as it was filed within thirty (30) days after Plaintiff served Defendant with the Complaint.

11. After filing this Notice of Removal, Defendant will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the California Superior Court for Orange County in accordance with 28 U.S.C. § 1446(d).

12. Other than Does 1-10, Defendant is unaware of any other parties who have been named or who have appeared in the underlying State Court Action.

## NON-WAIVER OF DEFENSES

13. By removing this action from California Superior Court, Defendant does not waive any defenses available to it.

14. By removing this action from California Superior Court, Defendant does not admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

15. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant request the Court accept this Notice of Removal of this matter to the United States District Court for the Central District of California.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: February 5, 2020

By:_____
Philip H. Stillman, Esq.
Attorneys for defendants KBMS HOSPITALITY CORPORATION

# PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on February 5, 2021 or as soon as possible thereafter, copies of the foregoing Notice of Removal was served electronically by email listed with the Orange County Superior Court on Plaintiff's counsel, Ray Ballister Jr., Potter & Handy and to the Clerk, Orange County Superior Court by OneLegal e-filing.

By: /s/ *Philip H. Stillman*
Attorneys for KBMS HOSPITALITY CORPORATION

Notice of Removal of Complaint -5-

**Exhibit 1**

Electronically Filed by Superior Court of California, County of Orange, 11/25/2020 10:27:19 AM.
30-2020-01171978-CU-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.
Case 8:21-cv-00239-JLS-DFM Document 1 Filed 02/05/21 Page 7 of 14 Page ID #:7

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE

| | |
|---|---|
| **Rafael Arroyo**  Plaintiff,  v.  **KBMS Hospitality Corporation,** a California Corporation  and Does 1-10,  Defendants, | Case No. 30-2020-01171978-CU-CR-CJC  **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act  **Assigned for All Purposes**  Judge Nancy E. Zeltzer |

Plaintiff Rafael Arroyo complains of KBMS Hospitality Corporation, a California Corporation and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic. He uses a wheelchair for mobility.

2. Defendant KBMS Hospitality Corporation, a California Corporation owns and operates the Anaheim National Inn located at 2784 W. Lincoln Ave., Anaheim, California currently and at all times relevant to this complaint.

1

Complaint

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

4. This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of Orange, and Defendant's offending Website is available throughout California.

5. Venue it proper in this Court because Defendant conducts business in this County.

6. Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Americans with Disabilities Act.

**PRELIMINARY STATEMENT**

7. This is a lawsuit challenging the reservation policies and practices of a place of lodging. Plaintiff does not know if any physical or architectural barriers exist at the hotel and, therefore, is not claiming that that the hotel has violated any construction-related accessibility standard. Instead, this is about the lack of information provided on the hotel's reservation website that would permit plaintiff to determine if there are rooms that would work for him.

8. After decades of research and findings, Congress found that there was

Complaint

a "serious and pervasive social problem" in America: the "discriminatory effects" of communication barriers to persons with disability. The data was clear and embarrassing. Persons with disabilities were unable to "fully participate in all aspects of society," occupying "an inferior status in our society," often for no other reason than businesses, including hotels and motels, failed to provide information to disabled travelers. Thus, Congress decided "to invoke the sweep of congressional authority" and issue a "national mandate for the elimination of discrimination against individuals with disabilities," and to finally ensure that persons with disabilities have "equality of opportunity, full participation, independent living" and self-sufficiency.

9. As part of that effort, Congress passed detailed and comprehensive regulations about the design of hotels and motels. But, as importantly, Congress recognized that the physical accessibility of a hotel or motel means little if the 61 million adults living in America with disabilities are unable to determine which hotels/motels are accessible and to reserve them. Thus, there is a legal mandate to provide a certain level of information to disabled travelers.

10. But despite the rules and regulations regarding reservation procedures, a 2019 industry article noted that: "the hospitality sector has largely overlooked the importance of promoting accessible features to travelers."

11. These issues are of paramount important. Persons with severe disabilities have modified their own residences to accommodate their unique needs and to ameliorate their physical limitations. But persons with disabilities are never more vulnerable than when leaving their own residences and having to travel and stay at unknown places of lodging. They must be able to ascertain whether those places work for them.

Complaint

**FACTUAL ALLEGATIONS:**

12. Plaintiff planned on making a trip in September 2020 to the Anaheim, California, area.

13. He chose the Anaheim National Inn located at 2784 W. Lincoln Ave., Anaheim, California because this hotel was at a desirable price and location.

14. Plaintiff needs an accessible guestroom. He needs clearance around beds, he needs accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets. He needs sufficient maneuvering clearance in and around the guestroom. He needs accessories to be located within an accessible reach range. In short, he benefits from and needs compliant accessible guestroom features.

15. Plaintiff went to reserve a room at http://expedia/anaheim-hotels-anaheim-national-inn-.h7779221 seeking to book an accessible room at the location on September 14, 2020. The Hotel maintains an account with Expedia.com. Third-party booking at sites like Expedia.com is a service offered to Anaheim National Inn's customers. Anaheim National Inn is responsible for providing information about its services to its third-party partners and has control over the information provided. Anaheim National Inn is aware Expedia.com presents information about its services and is aware, or should be aware, of the descriptions provided by Expedia.com on its behalf.

16. Plaintiff found that there was little specific information about the accessibility of the rooms. For example, under the "Accessibility" heading, it mentions features such as: "Accessible bathroom", "In-room accessibility", "If you have requests for specific accessibility needs, please contact the property using the information on the reservation confirmation received after booking", "Grab bar near toilet", "Wheelchair accessible (may have limitations)" and "Wheelchair accessible parking". These vague and conclusory statements offer little detail. For example, there is no specific

4

Complaint

information on whether the desk/table in the room is accessible, if the sink and toilet are accessible, or if the room has accessible clear floor space.

17. The defendant's reservation system failed to identify and describe the accessible features in the guestroom chosen by the plaintiff in enough detail to reasonably permit him to assess independently whether the particular guestroom met his accessibility needs. The photos that accompany the rooms do not show any accessible features.

18. This lack of information created difficulty for the plaintiff and the idea of trying to book this room -- essentially ignorant about its accessibility -- caused discomfort for the Plaintiff.

19. Plaintiff would like to patronize this hotel but is deterred from doing so because of the lack of detailed information through the hotel's reservation system. Plaintiff not only travels frequently but is always on the lookout for businesses that violate the law and discriminate against him and other persons with disabilities, intending to have them comply with the law and pay statutory penalties.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21. Under the ADA, it is an act of discrimination to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges advantages or accommodations to person with disabilities unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the those goods, services, facilities, privileges advantages or accommodations. See 42 U.S.C. §

Complaint

12182(B)(2)(A)(ii).

22. Specifically, with respect to reservations by places of lodging, a defendant must ensure that its reservation system, including reservations made by "any means," including by third parties, shall:

    a. Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

    b. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; and

    c. Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

*See* 28 C.F.R. § 36.302(e).

23. Here, the defendant failed to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs and failed to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

25. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

26. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices.

27. Because the violation of the Unruh Civil Rights Act resulted in difficulty and discomfort for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *See* Civ. Code § 52(a).

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.


3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52(a).

Dated: November 23, 2020                    CENTER FOR DISABILTY ACCESS

By: _____
Russell Handy, Esq.
Attorneys for Plaintiff

Complaint